IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      :
                        :      I.D. No. 1605009135
    v.                  :
                        :
QUALEEL WESTCOTT,       :
                        :
    Defendant.          :


Submitted: January 13, 2017
Decided: January 23, 2017

**ORDER**

Upon Defendant's Motion to Suppress.
*Granted.*


Stephen R. Welch, Jr., Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

Edward C. Gill, Esquire of the Law Office of Edward C. Gill, P.A., Georgetown, Delaware; attorney for the Defendant.


WITHAM, R.J.

Before the Court is a motion to suppress filed by Defendant Qualeel Westcott. In his motion, Mr. Westcott seeks to suppress (1) statements made in an interview with a Milford Police Department detective and (2) evidence collected from mobile phones pursuant to a search warrant.

At the hearing on the motion, the State conceded the portion of the motion that sought suppression of the interview after Mr. Westcott's ambiguous invocation of his right to counsel.

The motion to suppress evidence collected from mobile phones pursuant to a search warrant is ***granted***.

## FACTS

Mr. Westcott stands charged with Attempted Murder in the First Degree, Robbery in the First Degree, and various other counts arising out of a shooting that occurred on May 11, 2016 in or around Milford, Delaware.

Mr. Westcott was taken into custody by Detective Sergeant Horsman of the Milford Police Department on May 11, 2016.

Detective Horsman applied for and received a search warrant on May 24, 2016, to search "data and cellular logs" from mobile phones that the State believed belonged to Mr. Westcott. The affidavit alleged that a shooting had occurred and that Mr. Westcott had committed it. It also alleged that during a consent search of an apartment in which Mr. Westcott was staying, the police found drugs and three mobile phones. One of the mobile phones was a Samsung and was located on the floor in the living room beside a television stand along with ninety-one bags of heroin

2

and a quantity of marijuana. Another Samsung mobile phone was found in the bed where Westcott said he was sleeping. And an iPhone was found on the dining room table. The tenant at the apartment "stated that the iPhone was not there before Bolden and Westcott came to her apartment and she did not know who owned it." Based on his allegations, the detective sought to search "the three phones to look for physical evidence or confession of the shooting or the illegal distribution of heroin contained therein."

## THE PARTIES' CONTENTIONS

Mr. Westcott contends that the search warrant affidavit was devoid of probable cause because the detective failed to provide a logical nexus between the mobile phones and the crime, and the warrant lacked sufficient particularity.

The State argues that the affidavit alleged facts that established a reasonable basis to believe that evidence would be found on the phones.

## STANDARD OF REVIEW

When evidence is collected according to a search warrant, the defendant bears the burden of proving by a preponderance of the evidence that the search or seizure violated his rights under the United States or Delaware Constitutions or Delaware statutory law.[1]

## DISCUSSION

The data collected from the search of the mobile phones must be suppressed because (1) the affidavit does not allege sufficient facts to establish probable cause

---

[1] *State v. Palmer*, No. 151100742, 2016 WL 2604692, at *3 (Del. Super. May 3, 2016).

for the search and (2) the warrant does not meet the constitutional requirement for particularity.

*Probable Cause*

A search warrant, to be valid under the Constitutions of the United States and of Delaware, may only be issued upon a showing of probable cause.[2] "An affidavit in support of a search warrant must, within the four[ ]corners of the affidavit, set forth facts adequate for a judicial officer to form a reasonable belief that an offense has been committed and the property to be seized will be found in a particular place."[3] "In making this decision, the judicial officer 'may draw reasonable inferences from the factual allegations in the affidavit.'"[4] Courts reviewing whether a warrant was supported by probable consider the totality of the circumstances.[5] "The determination of whether the facts in the affidavit demonstrate 'probable cause requires a *logical* nexus between the items being sought and the place to be searched.'"[6]

Presumably, the statement in Mr. Westcott's motion to the effect that the police believed the mobile phones to be his[7] is sufficient to provide him standing to challenge the searches. Regardless, the State has not challenged his assertion of

---

[2] *LeGrande v. State*, 947 A.2d 1103, 1107 (Del. 2008).

[3] *Id.* (quoting *Sisson v. State*, 903 A.2d 288, 296 (Del. 2006)).

[4] *Bradley v. State*, 51 A.3d 423, 431 (Del. 2012) (quoting *Sisson*, 903 A.2d at 296).

[5] *LeGrande*, 947 A.2d at 1107–08 (quoting *Sisson*, 903 A.2d at 296).

[6] *Starkey v. State*, 74 A.3d 655 (Table), 2013 WL 4858988, at *3 (Del. Sept. 10, 2013) (quoting *Jones v. State*, 28 A.3d 1046, 1057 (Del. 2011)).

[7] Def.'s Mot. to Suppress ¶ 7.

standing.

The State's submission delineates the limited basis for probable cause that exists in the affidavit. The affidavit effectively stated allegations sufficient for the reviewing magistrate to find probable cause (1) that Mr. Westcott committed the shooting, (2) that Mr. Westcott was involved in the distribution of heroin, and (3) that the mobile phones at the apartment belonged to Mr. Westcott.

Missing in the State's probable-cause analysis, however, is a logical nexus between Mr. Westcott's ownership of the phone and the existence of digital evidence of the crimes on that phone.

Our Supreme Court in *Starkey* upheld the search of a mobile phone where the affidavit included a statement that "[P]ersons involved in criminal acts will utilize Mobile Electronic Devices such as cellular telephones to further facilitate their criminal acts and/or communicate with co-conspirators."[8] And the detective in that case went on to state that "retrieval of the cellular data could reveal the identity [of the] owner of the phone as well as provide a list of all calls made and received by that cell phone."[9] The detective in that case also provided specific evidence that the police hoped to find in support of their case, based on statements from other witnesses.[10] The Court held this logical nexus to be sufficient to establish probable cause for the search.

---

[8] *Starkey*, 2013 WL 4858988, at *3 (alteration in original).
[9] *Id.*
[10] *Id.*

Here, however, Detective Sergeant Horsman did not expressly state any nexus between Mr. Westcott's ownership of the mobile phone and the existence of evidence of the crimes (including a confession) on that mobile phone. Although the magistrate may draw reasonable inferences from the factual allegations of the affidavit, the leap required here is a long one. The mere fact that a defendant owns a mobile phone is not, in and of itself, sufficient to warrant an inference that evidence of any crime he or she commits may be found on that mobile phone. The affidavit did not provide probable cause for a search.

### The Particularity Requirement

And even if there had been probable cause to support this search, the evidence would still need to be suppressed. The warrant at issue was a general warrant that failed to describe the data to be searched with particularity.

The Delaware Supreme Court has cautioned against the "substantial" risk that "warrants for digital and electronic devices [may] take on the character of 'general warrants.'"[11] "This reality necessitates heightened vigilance, at the outset, on the part of judicial officers to guard against unjustified invasions of privacy."[12]

> Our nation's constitutional history and jurisprudence reflects a long-standing hostility toward general warrants. General warrants, when employed by the government, afford officials "blanket authority" to indiscriminately search persons, houses, papers, and effects. The United States Supreme Court has characterized the "specific evil" of the general

---

[11] *Wheeler v. State*, 135 A.3d 282, 307 (Del. 2016).

[12] *Id.*

warrant abhorred by the colonists as "a general, exploratory rummaging in a person's belongings." By contrast, a warrant that is simply overly broad "'describe[s] in both specific and general terms what is to be seized,' but it authorizes the seizure of items as to which there is no probable cause."[13]

"[W]arrants, in order to satisfy the particularity requirement, must describe what investigating officers believe will be found on electronic devices with as much specificity as possible under the circumstances."[14] "[G]eneric classifications in a warrant are acceptable only when a more precise description is not possible."[15] "And [w]here . . . the investigators had available to them a more precise description of the alleged criminal activity that is the subject of the warrant, such information should be included in the instrument and the search and seizure should be appropriately narrowed to the relevant time period so as to mitigate the potential for unconstitutional exploratory rummaging."[16]

A warrant's description meets the particularity requirement if it "limit[s] the officer's search of the cell phones to certain types of data, media, and files that [are]

---

[13] *Id.* at 296 (first citing *Stanford v. Texas*, 379 U.S. 476, 481 (1965); then quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971); and then quoting *United States v. Nine-Two Thousand Four Hundred Twenty-Two Dollars & Fifty-Seven Cents ($92,422.57)*, 307 F.3d 137, 149 (3d Cir. 2002)).

[14] *Id.* at 304.

[15] *Id.* at 305 (quoting *United States v. Bright*, 630 F.2d 804, 812 (5th Cir. 1980)).

[16] *Id.* (citing *Bright*, 630 F.2d at 812; *United States v. Ford*, 184 F.3d 566, 576 (6th Cir. 1999)).

'pertinent to th[e] investigation.'"[17] Such a description "effectively limit[s] the scope of the warrants, and prevent[s] a boundless search of the cell phones."[18]

Additionally, Delaware law requires that warrants "designate the house, place, conveyance, or person to be searched and shall describe the things or persons sought *as particularly as possible.*"[19]

Here, the search warrant authorizes a search of all "data and cellular logs." This description does not limit the scope of the officer's search of the mobile phones to relevant material and does not place any limitation on the types of "data, media, and files" to be searched.

There is also no temporal limitation on the search. The police alleged that the shooting occurred on May 11 and the presence of heroin at the apartment provided probable cause for its *recent* distribution. The police should have sought a more limited search warrant permitting the search of suitably *recent* data from the phones.

Instead, the application sought a general search "of the three phones." The warrant thus provides broad permission to rummage through the entire digital lives of the phones' owners. Accordingly, it does not contain the level of particularity required under the Constitution of the United States, the Delaware Constitution, or Delaware statute.

---

[17] *Starkey*, 2013 WL 4858988, at *4.

[18] *Id.*

[19] *Id.* at 296 (quoting 11 *Del. C.* § 2307(a)).

*State v. Qualeel Westcott*
I.D. No. 1605009135
January 23, 2017

## CONCLUSION

The affidavit in support of the warrant did not provide probable cause for a search of the phones, and the warrants lacked the particularity required by our law. The portion of the interview following Mr. Westcott's request to speak to a judge is suppressed as conceded by the State. Mr. Westcott's motion to suppress evidence collected from mobile phones pursuant to a search warrant is **GRANTED**.

IT IS SO ORDERED.

William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:     Prothonotary
         Stephen R. Welch, Jr., Esquire
         Edward C. Gill, Esquire

9